**FILED**

AUG 0 8 2019

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY



# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN H. LUCORE, SR.; JUDY L. LUCORE, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK, N.A., as Trustee for the Certificate Holders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-H; BANK OF AMERICA, N.A.; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 3:18-cv-02293-BEN-AGS <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> **[Doc. No. 8.]** |

Before the Court is Defendants' U.S. Bank, N.A., and Bank of America, N.A. ("BANA"), (collectively "Defendants") Motion to Dismiss Plaintiffs' Steven H. Lucore, Sr., and Judy L. Lucore (collectively "Plaintiffs") First Amended Complaint. For the reasons set forth below, Defendants' motion is GRANTED.

///
///
///
///
///
///

1

# I. **BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiffs initiated the present action in October 2018. ("Complaint" Doc. No. 1.) In the FAC, the Plaintiffs are named as borrowers on a Note dated April 24, 2006, in favor of American Home Mortgage, as a lender, secured by a deed of trust against 11132 Summit Avenue, Santee, CA 92071 ("Subject Property"). (Doc. No. 7 ¶ 8.)

On or around October 20, 2008, Plaintiffs received a letter dated October 17, 2008, from American Home Mortgage that BAC Home Loans Servicing, LP was the new creditor. *Id.* ¶ 9.

Contending that they were not provided copies of their loan documents, including all required disclosures, at consummation or thereafter, Plaintiffs sought to rescind the mortgage loan on January 3, 2009, by mailing Bank of America, N.A. of their intention to do so. *Id.* ¶ 10.

Upon their receipt of the rescission notice, Plaintiffs allege Defendants are required to cancel the note, release the deed of trust, and credit any payments, fees, and associated charges to the Plaintiffs' account in accordance with federal law. *Id.* ¶ 11.

Plaintiffs contend that the underlying note and deed of trust became void by operation of law on January 3, 2009, upon their mailing of the rescission notice, as well as any unpaid principal no longer secured by the deed of trust. *Id.* ¶ 12.

On August 18, 2011, Plaintiffs contend U.S. Bank conducted a non-judicial foreclosure against the property and since then, Defendants have asserted competing claims to the underlying debt through various collection efforts and litigation.

On November 9, 2018, Plaintiffs filed a First Amended Complaint ("FAC"). (Doc. No. 7.)

---

[1] The following overview of the facts are drawn from the relevant allegations of the First Amended Complaint for resolving the instant motion to dismiss. The Court is not making findings of fact.

Shortly thereafter on November 15, 2018, Defendants' filed the present Motion to Dismiss. (Doc. No. 8.) Plaintiffs responded to which Defendants replied. (Doc. Nos. 10, 11.) On April 15, 2019, Defendants filed a Notice of Supplemental Developments in Motion to Dismiss (Doc. No. 14) to which the Plaintiffs have not responded.

Defendants have yet to Answer the FAC.

Pursuant to civil local rule 7.1.d.1, this Court finds the Motion fully briefed and suitable for determination without oral argument.

## II. DISCUSSION

### A. Defendants Motion to Dismiss Plaintiffs' First Amended Complaint.

Under Federal Rule of Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the

3

1 | presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure
2 | deficiencies by previous amendments, undue prejudice to the opposing party and futility
3 | of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538
4 | (9th Cir. 1989).

On March 11, 2018, in a related case 3:15-cv-02246 (hereinafter, "*Lucore I*"), the court entered an Order granting Defendants Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC"). The same Plaintiffs in *Lucore I*, are suing the same Defendants in this case (hereinafter "*Lucore II*") concerning the same mortgage on the same property.

In *Lucore II*, Defendants contend that Plaintiff's FAC should be dismissed because it is barred by Res Judicata as a result of the judgment on the merits entered in *Lucore I*, and because it fails to state a claim for interpleader.

### 1. *Res Judicata.*

The preclusive effect of a federal court judgment is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891, (2008). Under the doctrine of res judicata, also known as "claim preclusion," a final judgment on the merits forecloses successive litigation of the same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *Id.* at 892. Moreover, claim preclusion bars relitigation not only of all grounds of recovery that were actually asserted but also those that could have been asserted. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003). The relevant inquiry, then, is whether the claims asserted in the subsequent lawsuit were or could have been brought in the original lawsuit. *See, e.g., U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 910 (9th Cir. 1998) ("It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.").

Claim preclusion applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Ruiz v. Snohomish Co. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quotation and citation omitted).

A court is to apply four criteria to decide whether there is an identity of

claims: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *U.S. of Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011). The fourth criterion is the most important. *Id.* at 1151.

*Harris v. Cty. Of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). "The party asserting a claim preclusion argument 'must carry the burden of establishing all necessary elements.'" *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008)).

### i. *Claims Barred by Res Judicata*

Claim preclusion is applicable because there is: (1) an identity of claims; (2) a final judgment on the merits from a previous lawsuit; and (3) privity between the previous defendants and the Defendants in this case.

First, the FAC of the current suit focuses on the same alleged wrongful foreclosure and related claims asserted in *Lucore I*. "As the two lawsuits are both predicated on the alleged recession of the loan in January of 2009, they will rely on the same evidence, involve the same right, and arise out of the same transactional nucleus of facts." (*See* Doc. No. 8 at 5.) Furthermore, despite the fact that the cause of action in *Lucore II* is for interpleader, rather than declaratory relief, the facts and allegations are identical in the many respects between the two suits. Thus, because these facts arise out of the same set of events, or could have been brought in the prior case, these causes of action satisfy the identity of claims factor.

Next, while the TAC of the parallel action *Lucore I* had additional allegations to support its claim against Defendants, due to the entry of the order granting the motion to dismiss in that suit, any argument that the loan has been rescinded has been conclusively decided against the Lucores. *See Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning*

*Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).[2] Thus, *Lucore I* concluded with the entry of a final judgment on the merits being filed on March 11, 2019. (*See Lucore I*, 3:15-cv-02246, Doc. No. 69.)

Finally, the same Plaintiffs are suing the same Defendants concerning the same mortgage on the same property and in each case is arguing that the Defendants were without legal authority to engage in non-judicial foreclosure proceedings because Plaintiffs had rescinded the loan back in January 2009. Thus, there is privity between the Defendants in *Lucore I* and *Lucore II*. (Doc. No. 8 at 4-5.)

In sum, Plaintiffs interpleader claim in *Lucore II* is precluded and dismissed with prejudice. Therefore, the Court **GRANTS** Defendants Motion to Dismiss the FAC as to Res Judicata.

### III. CONCLUSION

Defendants' Motion to Dismiss Plaintiffs' FAC is **GRANTED**.

**IT IS SO ORDERED.**

Dated: 8/07/2019

**HON. ROGER T. BENITEZ**
United States District Judge

---

[2] That the Lucores have appealed this order is of no instance. As "a final judgment retains all of its res judicata consequences pending decision of the appeal." *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988).